Judith Ann BAXTER, formerly known as Judith Ann Ruddle, Appellant,

v.

James RUDDLE, Appellee.

No. 08-89-00038-CV.

Court of Appeals of Texas, El Paso.

Nov. 8, 1989.

Rehearing Overruled Nov. 22, 1989 and Dec. 13, 1989.

Roy R. Brandys, Mayfield and Perrenot, Jeffrey W. McElroy, Brewster & Mayhall, El Paso, for appellant.

Ray Pearson, Pearson, Warach & Wales, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

The opinion dated October 25, 1989, has been set aside and in its place the following is the opinion of this Court.

The trial court denied Judith Ann Baxter's Motion for Enforcement and Clarification and her Motion for Contempt and Arrearage Judgment sought against her ex-husband. We reverse in part and affirm in part.

The facts are relatively simple. On April 12, 1978, the parties were divorced. At that time, the husband had served twenty years in the military and had attained the rank of CW3 (Chief Warrant Officer). By agreement, the trial court awarded the wife thirty-seven and one-half percent of the Appellee's gross military benefits (including thirty-seven and one-half percent of all cost of living increases). This divorce judgment became final without an appeal by either party. The husband remained in the Army thereafter and had attained the rank of CW4 when he retired some six years later after the divorce. The promotion to CW4 after the divorce caused Appellee's gross pay to increase, which triggered the filing by Appellant of her motion for enforcement and contempt. The trial court was called upon, as are we, to determine as a matter of law the amount of Appellant's entitlement by virtue of two provisions contained in the final divorce decree of April 12, 1978, which state she is to receive:

(1) All right, title and interest to thirty-seven and one-half percent (37½%) of JAMES RUDDLE'S gross U.S. Army retirement and/or disability benefits and/or V.A. disability benefits (including thirty-seven and one-half per-

cent (37½%) of all increases therein due to cost of living, *IF, AS AND WHEN RECEIVED.* [Emphasis added].

(2) JAMES RUDDLE shall pay to JUDITH ANN RUDDLE ... said interest, to wit, 37½% of the total U.S. Army retirement benefits and/or disability benefits and/or V.A. disability benefits *BEFORE DEDUCTIONS*, that JAMES RUDDLE receives each month, as well as 37½% of all increases therein due to cost of living.... [Emphasis added].

Appellant contends by her first four points of error which have been grouped together for argument, that Appellant is entitled to have her thirty-seven and one-half percent calculated upon the gross retirement benefits of Appellee and such not limited to the value of Appellee's retirement benefits at the time of divorce. This Appellant would include all increases received by Appellee after the time of the divorce, including, but not limited to the cost of living adjustments.

■ We disagree with Appellant and hold that the retirement benefits due Appellee should be calculated as of the date of divorce decree and not when retirement occurs thereafter. *Berry v. Berry,* 647 S.W.2d 945 (Tex.1983); *May v. May,* 716 S.W.2d 705 (Tex.App.—Corpus Christi 1986, no writ). In the present case, the Appellee held the rank of a CW3 with twenty years' service when he divorced. The community interest in the Appellee's retirement benefits is based on the rank he actually held at the time of the divorce. We find no ambiguity.

The Appellee's gross pay for CW3 was $1,052.69 until December 1984, when his gross pay increased to $1,089.53, including the cost of living increase. On December 1, 1986, the Appellee's gross pay was $1,103.69, including a cost of living increase when again his gross pay, including cost of living increases, was $1,150.04 on December 1, 1987. The Appellee should have been paying the percentage due his ex-wife on a gross pay basis without taking

deductions. However, Appellee has incorrectly been deducting federal taxes from the gross pay rate before computing the amount due Appellant. He has been underpaying the Appellant from the time his gross pay was $1,089.53. But, Appellant has incorrectly computed the amount owed her because she used Appellant's CW4 rank pay for the gross pay amount and also based it on a per month basis instead of computing it on the pay period.

We reverse the judgment of the trial court and remand the case to the trial court with instructions to render judgment for Appellant based on a computation that Appellant should have received benefits calculated upon a rank of CW3 as of the date of the divorce, plus cost of living allowances proportionately attributed to that rank; such computations to be made before tax deductions are taken.

■ Point of Error No. Five asserts the trial court erred in not holding Appellee in contempt for failing to pay Appellant under the terms of the divorce decree.

The trial court incorrectly found that there was no arrearage owed by the Appellee. However, both parties have misinterpreted the divorce decree, and also we are without authority to render judgment holding Appellee in contempt.

Point of Error No. Five is overruled.

We reverse the judgment of the trial court and remand the case with instructions to enter judgment consistent with this opinion; otherwise, the trial court's judgment is affirmed.

OSBORN, Chief Justice, dissenting.

I respectfully dissent.

I do fully agree with the majority opinion that retirement benefits should be calculated as of the date of the divorce decree and they should be based upon the rank which Mr. Ruddle had at the time of the divorce. That is the holding in *Berry v. Berry,* 647 S.W.2d 945 (Tex.1983), but that is not the issue now before this Court. The issue in *Berry* was whether the trial court made a correct disposition of retirement benefits and the formula for such division.

In the case now before this Court, we are not concerned with whether the trial court correctly divided the military retirement benefits, but with the application of the doctrine of res judicata where the judgment was final at the time these proceedings began.

The divorce decree of April 12, 1978, provided that Judith Ann Ruddle was to receive thirty-seven and one-half percent of James Ruddle's "gross U.S. Army retirement" if, as and when received. That decree required him to pay to Judith Ann Ruddle "37½ of the total U.S. Army retirement benefits" before deductions. All of the parties contend these provisions are unambiguous. I agree. Apparently the majority does not disagree. But, their decision does not permit the wife to recover the given percent of either "gross U.S. Army retirement" nor of "the total U.S. Army retirement." Instead, the majority chooses to rewrite the divorce decree to provide a result mandated by *Berry v. Berry,* but in doing so they fail to apply the doctrine of res judicata to a judgment that became final more than ten years ago. Once that judgment became final, Judith Ann Ruddle was entitled to thirty-seven and one-half percent of the *total* U.S. Army retirement benefits regardless of future promotions, additional longevity pay or cost of living increases. If her benefits come from the *total* it makes no difference what accounts for those total benefits.

In *Segrest v. Segrest,* 649 S.W.2d 610 (Tex.1983), the Court said:

That the judgment may have been wrong or premised on a legal principle subsequently overruled does not affect application of res judicata. (Cases cited).

I conclude that the holding in *Segrest,* along with the holdings in *Cook v. Cameron,* 733 S.W.2d 137 (Tex.1987) and *Anderson v. Anderson,* 707 S.W.2d 166 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) mandate the granting of Appellant's Motion for Contempt and Arrearage Judgment. In both *Ex parte Hovermale,* 636 S.W.2d 828 (Tex.App.—San Antonio 1982) and *Ex Parte Lucher,* 728 S.W.2d 823 (Tex. App.—Houston [1st Dist.] 1987), contempt

orders were upheld where the decree required payment of a portion of the "gross" retirement benefits.