**Judith Ann BAXTER, Petitioner,**

v.

**James RUDDLE, Respondent.**

No. C–9422.

Supreme Court of Texas.

Sept. 6, 1990.

Roy R. Brandys, El Paso, for petitioner.

Ray A. Pearson, Robert T. Pearson, El Paso, for respondent.

## OPINION

HIGHTOWER, Justice.

The issue which this court must decide is whether res judicata bars James Ruddle (Ruddle) from relitigating the division of his military retirement benefits. The trial court held that Judith Ann Baxter (Baxter), formerly Judith Ann Ruddle, was entitled to receive 37½% of Ruddle's retirement benefits valued at the time of divorce. A divided court of appeals affirmed. 780 S.W.2d 888. We reverse the judgment of the court of appeals.[1]

Baxter and Ruddle were divorced in 1978. At the time of the divorce, Ruddle had served twenty years in the military and was ranked as a Chief Warrant Officer (CW3). The parties agreed to a divorce decree which provided that Baxter was to receive:

> All right, title and interest to thirty-seven and one-half percent (37½%) of JAMES RUDDLE's *gross* U.S. Army retirement and/or disability benefits and/or V.A. disability benefits (including thirty-seven and one-half percent (37½%)

of all increases therein due to the cost of living) *if, as and when received.*

(emphasis added). The decree also provided that:

> JAMES RUDDLE be and is hereby appointed Trustee for the benefit of JUDITH ANN RUDDLE to the extent of her interest in and to any U.S. Army retirement benefits ... awarded hereinabove, *if, as and when the same is received* by JAMES RUDDLE; ... 37½% *of the total* U.S. Army retirement benefits ... JAMES RUDDLE *receives each month* ...

(emphasis added). The divorce became final and neither party timely perfected an appeal. After the divorce, Ruddle remained in the military and was promoted to the rank of CW4. The promotion caused Ruddle's gross pay to increase, which, in turn, resulted in Baxter filing a Motion for Contempt and Arrearage Judgment to receive 37½% of the increase in benefits received by Ruddle. The trial court denied the Motion.

■ Baxter asserts that the language in the divorce decree unambiguously provides that she is to receive 37½% of the gross retirement benefits received by Ruddle, including post-divorce increases. We agree.

■ It is clear that res judicata applies to a final divorce decree to the same extent that it applies to any other final judgment. *Segrest v. Segrest*, 649 S.W.2d 610 (Tex. 1983), *cert. denied*, 464 U.S. 894, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983). If an appeal is not timely perfected from the divorce decree, res judicata bars a subsequent collateral attack. *Id.* at 612–613. Res judicata applies even if the divorce decree improperly divided the property. *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987). "Errors other than lack of jurisdiction render the judgment merely voidable and must be attacked within the prescribed time limits." *Id.* (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985)). Accordingly, an ap-

---

**1.** We reverse the judgment of the court of appeals only on the valuation issue. The court of appeals also held that Ruddle had been improperly deducting federal taxes from the gross retirement benefits that he received before com-

puting the amount due to Baxter and remanded the cause to the trial court. This opinion does not affect the court of appeals' judgment on the latter point.

portionment of retirement benefits in a divorce decree, even if improper, is not subject to collateral attack and will be enforced. Also, if the decree is plain and unambiguous, this court is required to give effect to the literal meaning of its language. *Adams v. Adams,* 214 S.W.2d 856, 857 (Tex.Civ.App.—Waco 1948, writ ref'd n.r.e.).

Contrary to Ruddle's argument, *Berry v. Berry,* 647 S.W.2d 945 (Tex.1983) does not affect the application of res judicata to the divorce decree in this case. *Berry* does not apply retroactively to modify a final decree. *See Anderson v. Anderson,* 707 S.W.2d 166, 168–169 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). When the parties agree to a method of apportionment, that agreement will be enforced, and the subsequent judgment has a binding effect on the parties. *See Adams v. Adams,* 214 S.W.2d at 858; *see also Pollard v. Steffens,* 161 Tex. 594, 343 S.W.2d 234 (1961); *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890 (1956).

In *Anderson v. Anderson,* the divorce decree provided that Mrs. Anderson was to receive one-half of Mr. Anderson's retirement benefits *as they were paid to him.* 707 S.W.2d at 168. Mr. Anderson argued that *Berry* should apply, thus, valuing Mrs. Anderson's percentage at the time of divorce and excluding any post-divorce increases. *Id.* The court, however, interpreted "as they (the benefits) were paid to him" to mean that Mrs. Anderson was to receive one-half of the accrued and future retirement benefits received by Mr. Anderson. *Id.* at 169. The court stated: "[T]he Divorce Decree clearly ordered that the retirement benefits be divided in equal shares when received and it is now too late for appellant [Mr. Anderson] to claim a separate property interest in the benefits." *Id.* at 169–170.

Interpreting a divorce decree with similar language, the First Court of Appeals held that the nonemployee spouse was entitled to receive a percentage of the retirement benefits actually received by the employee spouse, including post-divorce increases. *Ex Parte Lucher,* 728 S.W.2d 823 (Tex.App.—Houston [1st Dist.] 1987, no writ). The decree in *Lucher* provided that the nonemployee spouse was to receive 25% of the *gross amount of each retirement check that the employee spouse received each month. Id.* at 824. The employee spouse argued that *Berry* limited the nonemployee spouse's recovery to a percentage of the value of the benefits at the time of divorce. The court rejected this argument holding that the divorce decree was a final, unappealed judgment and that *Berry* could not be retroactively applied to modify the judgment. *Id.* at 826. The court in *Ex Parte Hovermale,* 636 S.W.2d 828 (Tex. App.—San Antonio 1982, no writ), when presented with a similar divorce decree, enforced the decree stating that even if the judgment was incorrect, the res judicata consequences of the judgment were not altered. *Id.* at 834–35.

The divorce decree in this case was final in 1978. Ruddle did not appeal this judgment. The decree in question provided that Baxter was to receive 37½% of Ruddle's *gross* benefits, *if, as and when he received them.* The decree also provided that Baxter was to receive 37½% of the *total* benefits that Ruddle *received each month.* This language unambiguously provided that Baxter was to receive 37½% of the total retirement benefits received by Ruddle each month, including any post-divorce increases. The parties were entitled to make the agreement they did, even if the trial court had been unable to order the same property division without their agreement, and the judgment agreed to by the parties is binding on them.

Accordingly, we reverse the judgment of the court of appeals on the valuation issue and remand the cause to the trial court.