MEMORANDUM OPINION




No. 04-03-00333-CV



EDWARD JOHN PRESTON,


Appellant



v.



LELIA STONE PRESTON,


Appellee



From the 37th Judicial District Court, Bexar County, Texas


Trial Court No. 1992-CI-07890


Honorable Fred Shannon, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Alma L. López, Chief Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: August 18, 2004


AFFIRMED

 Appellant Edward John Preston appeals the trial court's order enforcing a divorce decree.
We affirm the judgment of the trial court.

Background


 Edward John Preston and Lelia Stone Preston ("Stone") were divorced in September of 1992.
The divorce decree provides that Preston pay Stone 5.63% of his disposable military retirement pay,
but in no event less than $231.22 per month, plus 5.63% of all cost of living adjustments ("COLAs").
The divorce decree also designates Preston as Stone's constructive trustee for the purpose of
receiving the retirement pay awards. Additionally, the decree requires that Preston deliver to Stone
a true and correct copy of each Retiree Account Statement ("RAS") received by Preston.

 In May of 2002, Stone filed a motion for enforcement of the divorce decree. According to
Stone, Preston had failed to pay Stone the full amount of retirement benefits owed to her under the
divorce decree. Additionally, Stone contended, Preston failed to send her a copy of the RASs.

 The trial court granted the motion. Preston appeals the trial court's decision, arguing the trial
court erred by: (1) ruling that res judicata applied to the allocation of retirement benefits; (2)
enforcing provisions of the divorce decree that Preston claims are void or in conflict; (3) calculating
the funds owed to Stone from a date four years prior to the date she filed her original motion for
enforcement; (4) approving the calculations presented by Stone; and (5) awarding attorney fees to
Stone for the trial and appeal of the motion for enforcement.

Res Judicata


 In his first issue, Preston argues that the trial court erred in ruling that "Preston's affirmative
defense that Stone's claims are pre-empted by federal law should and will not be allowed since it is
a collateral attack on the judgment being enforced."

 Texas law provides:

 It is clear that res judicata applies to a final divorce decree to the same extent that it
applies to any other final judgment. If an appeal is not timely perfected from the
divorce decree, res judicata bars a subsequent collateral attack. Res judicata applies
even if the divorce decree improperly divided the property. "Errors other than lack of
jurisdiction render the judgment merely voidable and must be attacked within the
prescribed time limits." Accordingly, an apportionment of retirement benefits in
a divorce decree, even if improper, is not subject to collateral attack and will be
enforced. Also, if the decree is plain and unambiguous, this court is required to give
effect to the literal meaning of its language.


Baxter v. Ruddle, 794 S.W.2d 761, 762-63 (Tex. 1990) (emphasis added) (citations omitted).


 Here, Preston is not arguing a jurisdictional point. Rather, he is asking the court to determine
whether the "provision of the decree prohibiting election of benefits is void and contrary to [f]ederal
law." This issue became final when Preston failed to appeal the decision this court issued on August
25, 1993, affirming the divorce decree. (1) Id. at 763 ("When the parties agree to a method of
apportionment, that agreement will be enforced, and the subsequent judgment has a binding effect
on the parties.") Accordingly, we hold that the trial court did not err in ruling that res judicata
prevents Preston from collaterally attacking the divorce decree.

Divorce Decree

 In his second issue, Preston argues that the trial court erred in enforcing the divorce decree
because certain provisions regarding Preston's election of benefits are void or in conflict. Here,
however, we have determined that the doctrine of res judicata prevents Preston from collaterally
attacking the divorce decree. Accordingly, we overrule this issue on appeal.

Statute of Limitations


 In its order granting Stone's motion to enforce the divorce decree, the trial court states, "The
four-year statute of limitations for breach of fiduciary duty, Tex. Civ. Prac. & Rem. Code
§ 16.004(a)(5) [sic], applies to Stone's claims[,] and she should be awarded the unpaid monies
alleged in her petition from and after May 14, 1998, four years prior to the date she filed the instant
petition." In his fourth issue, Preston argues that (1) the trial court erred in applying a four-year
"discovery rule"; and (2) the trial court should have applied the two-year statute of limitations
described in section 9.003 of the Texas Family Code. We disagree.

 Section 16.004(a)(5) of the Civil Practices and Remedies Code provides that a person must
bring a breach of fiduciary duty action not later than four years after the day the cause of action
accrues. Tex. Civ. Prac. & Rem. Code § 16.004(a)(5) (Vernon 2002). Here, the divorce decree
designates Preston as "a constructive trustee for the benefit of [Stone] for the purpose of receiving
the retired pay awarded herein to [Stone] as [Stone's] sole and separate property." Accordingly, by
bringing a motion to enforce the retirement pay provisions in the divorce decree, Stone was bringing
a "breach of fiduciary duty action." Id.

 Additionally, the Family Code's two-year statute of limitations does not apply to bar Stone's
breach of fiduciary duty action, as Preston contends. Section 9.003(b) of the Family Code provides:
"A suit to enforce the division of future property not in existence at the time of the original decree
must be filed before the second anniversary of the date the right to the property matures or accrues
or the decree becomes final, whichever date is later, or the suit is barred." Tex. Fam. Code
§ 9.003(b) (Vernon 1998). Here, however, Stone did not bring suit to enforce the division of future
property. Rather, she brought a breach-of-fiduciary-duty claim to enforce the divorce decree. See
Stine v. Stewart, 80 S.W.3d 586, 592 (Tex. 2002) (per curiam) (four-year statute of limitations, and
not two-year statute of limitations, applied where party brought breach-of-contract claim to enforce
certain provision in divorce decree). Therefore, the four-year statute of limitations for breach-of-
fiduciary-duty claims applies. See Tex. Civ. Prac. & Rem. Code § 16.004(a)(5) (Vernon 2002). 

 Preston also seems to be arguing that the trial court erred in using May 14, 2002, as the date
on which the alleged breach was discovered. According to Preston:

 In 1996 Colonel Preston tendered to [Stone's attorney] a copy of the Retiree Account
Statement (Exhibit C). The "new" taxable income reflected on the statement was
$3955.98 effective April 1996. The amount of Stone's portion of the disposable net
retirement (5.63%) calculated to the amount of 222.72 per month. Colonel Preston
was paying $231.22, which was in excess of the calculated disposable net retirement.
At that time, Ms. Stone's attorney was placed on notice about the value of the
disposable net retirement.


Here, Preston seems to be arguing that Stone discovered her claim in April of 1996. If Preston was
paying Stone an amount in excess of what she was legally entitled to, however, then receiving a copy
of this RAS would not have enabled Stone to discover a cause of action against Preston for failing
to pay her enough.

 Additionally, Stone testified that she did not become aware that Preston was not forwarding
the RASs to her until spring of 2002, when she and her attorney had a discussion in which each
realized the other was not receiving the RASs. Thus, there was sufficient evidence for the trial court
to find that Stone discovered the alleged breach on May 14, 2002. We overrule Preston's third issue.

Interest


 In his fourth issue, Preston argues that "[t]he trial court committed reversible error in
approving the calculations presented by Appellee in determining amounts owed, including when to
calculate prejudgment interest and amount of interest in accepting Trial Exhibit Two." According to
Preston, if the court had correctly applied the formula contained in the divorce decree, "Colonel
Preston's arrears as of September 30, 2000[,] including interest[,] were approximately $130.00 as
of April of 2003."

 Additionally, Preston contends "that Ms. Stone's Exhibit 2 spreadsheet did not contain
accurate calculations. Example: When Colonel Preston earned gross retirement pay of $5338.00,
5.63% calculates to $300.529, not $300.59; gross retirement pay of $5198.00 multiplied by 5.63%
calculates to 292.647, not $292.97."

 Stone responds by pointing out that Preston has "wholly failed to tie any factual statement he
has made to the [r]eporter's [r]ecord." We agree. Not only has Preston failed to tie his factual
assertions to the record, he has failed to make clear, with respect to this issue, what relief he is
seeking from the court. In short, Preston's issue four fails to "contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App.
P. 38.1(h). Accordingly, we overrule this issue on appeal. 


Attorney Fees

 The trial court awarded attorney fees to Stone for the trial and appeal of the motion for
enforcement. In his final issue, Preston argues that the trial court committed reversible error by
awarding Stone these attorney fees. According to Preston, such award is reversible error because the
trial court "erroneously calculated 5.62% of gross pay rather than disposable retired pay." Here,
however, we have determined that Preston failed to prove that the trial court abused its discretion in
calculating the amount owed to Stone. Accordingly, we overrule Preston's final issue.

Motion to Strike


 Stone has filed a motion to strike exhibit G of Appellant's appendix. Exhibit G of Appellant's
appendix appears to be a portion of the reporter's record from the parties' original divorce
proceeding. Stone points out that these pages were not introduced into the record in this case and,
as such, we should not consider them. We agree. See Carlisle v. Philip Morris, Inc., 805 S.W.2d 498,
501 (Tex. App.--Austin 1991, writ denied); see also Tex. R. App. P. 34.1. Accordingly, we grant
Stone's motion to strike.

 Conclusion


 We affirm the judgment of the trial court.


 Karen Angelini, Justice







1. Preston seems to argue that he may re-litigate the issue of whether certain provisions regarding Preston's
election of benefits are void or in conflict because we previously held that issue to be unripe. The specific language of
our holding, however, indicates that we overruled that issue because Preston failed to submit evidence in support of
his claim. See Preston v. Preston, 04-93-00047-CV, at 14 (Tex. App.--San Antonio Aug. 25, 1993, no writ) (not
designated for publication):


 Edward next contends the language "any election of benefits which may hereafter be made by
SERVICE MEMBER shall not reduce the amount of the disposable retired pay which the Court has
herein awarded to SERVICE MEMBER'S SPOUSE" illegally divides any Veterans Administration
Benefits or United States Army Disability benefits Edward might receive in the future. In the absence
of evidence in the record to support this conclusion, Edward's argument is, at best, speculation. Point
three is overruled.