NO.
12-06-00374-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

TRESSIE MCCAIG  §                      APPEAL FROM THE 173RD

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

B.H. MCCAIG           §                      HENDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Tressie
McCaig filed a motion to enforce and clarify a final divorce decree and to
modify and clarify a qualified domestic relations order.  In one issue, Tressie complains that the
trial court erred in denying her motion and failing to amend the qualified
domestic relations order signed by the trial court on February 2, 1993.  We reverse and remand.

 

Background








            Tressie
McCaig and B.H. (Mack) McCaig were married on April 9, 1964.  Mack began working for what is now TU
Electric on January 9, 1975, and he still worked for TU Electric when the
McCaigs divorced.  On February 2, 1993,
the trial court signed a final divorce decree and a qualified domestic
relations order (“QDRO”).  Neither
Tressie nor Mack appealed either of these orders.  Pursuant to the divorce decree, Tressie was
awarded “one-half of any and all sums, whether matured or unmatured, accrued or
unaccrued, vested or otherwise, in the Retirement Plan for Employees of the
Texas Utilities Company System together with all increases thereof, the
proceeds therefrom, and any other rights existing by reason of [Mack]’s
employment with TU Electric.”  The QDRO awarded
Tressie “one-half (½) of all sums held in the Retirement Plan for Employees of
the Texas Utilities Company System in the name of [Mack], as of the date of
divorce set above, together with all increases thereof and the proceeds
therefrom and any other rights relating thereto until distribution to Alternate
Payee.”  The QDRO was accepted by TU
Electric.

            Mack
continued working for TU Electric for several years after the divorce.  He retired on November 30, 2001, but Tressie
did not learn of his retirement until approximately two years later.  After learning of Mack’s retirement and
becoming unhappy with the distribution of retirement benefits, Tressie filed a
motion to enforce and clarify the final divorce decree and to modify and
clarify the QDRO.  After an evidentiary
hearing, the trial court denied the motion. 
The trial court did not file findings of fact or conclusions of
law.  This appeal followed.

 

Denial of
the Motion

            In her sole
issue, Tressie complains that the trial court erred in denying her motion and
failing to amend the QDRO signed by the trial court on February 2, 1993.  Tressie acknowledges that the trial court may
render further orders such as the QDRO to enforce the division of property made
in the divorce decree.  See Tex. Fam. Code Ann. § 9.006(a) (Vernon
2006).  However, she also points out that
those further orders may not alter or change the substantive division of
property.  See Tex. Fam. Code Ann. § 9.007(a)
(Vernon 2006).  In the motion, Tressie
asserted that she was not receiving her proper share of retirement benefits
because the QDRO fails to effectuate the division of property as set out in the
divorce decree.  Consequently, she
requested clarification and/or modification of the divorce decree and the QDRO.


Standard of Review








            We review
the trial court’s ruling on a motion for enforcement or clarification of a divorce
decree under an abuse of discretion standard. 
In re Marriage of McDonald, 118 S.W.3d 829, 832 (Tex. App.–Texarkana
2003, pet. denied).  The trial court
abuses its discretion when it 1) acts unreasonably, arbitrarily, or without
reference to any guiding rules or principles or 2) erroneously exercises its
power by making a choice outside the range of choices permitted the court by
law.  Id. When, as here,
the trial court makes no separate findings of fact or conclusions of law, we
draw every reasonable inference supported by the record in favor of the trial
court’s judgment.  Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990).  We must then affirm the judgment of the trial
court on any legal theory that finds support in the evidence.  In re W.E.R., 669 S.W.2d 716,
717 (Tex. 1984).  When, as in this case,
the appellate record includes the reporter’s record, the trial court’s implied
fact findings are not conclusive and may be challenged for legal and factual
sufficiency of the evidence supporting them. 
Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex.
1989).  We review questions of law,
including implied legal conclusions, de novo. 
See State v. Heal, 917 S.W.2d 6, 9 (Tex. 1996) (op.
on reh’g).

The Divorce Decree

            We interpret
divorce decrees “to determine not what the trial court should have done but, if
possible, what the court actually did.”  Shanks
v. Treadway, 110 S.W.3d 444, 447 (Tex. 2003).  We construe judgments as a whole to harmonize
and give effect to the entire judgment.  Id.  If, when read as a whole, the divorce decree’s
disposition of property is unambiguous, we must effectuate the division in
light of the actual language used.  Id.  On the other hand, if the divorce decree’s
disposition of property is ambiguous, we must review the record along with the
decree to aid in interpreting the judgment. 
Id.  And, if the
decree is ambiguous, we adopt the construction that correctly applies the law.  Id. 
Whether a divorce decree is ambiguous is a question of law.  Id. 

            The trial
court correctly stated that the Berry formula was at the time of
the divorce, and still is, the correct formula for dividing the retirement
benefits of a spouse who began plan participation during marriage but retired
after divorce.  The Berry formula
is the nonemployee spouse’s “just and right” share in the retirement plan x
[(the number of months in the plan while married)/(the number of months in the
plan at time of retirement)] x (the monthly benefit the employee would have
received at the divorce date, whether then eligible to retire or not).  See Berry v. Berry, 647
S.W.2d 945, 947 (Tex. 1983).  The Berry
formula protects the postdivorce increases in the employee spouse’s
retirement benefits that are attributable to his continued employment after
divorce because those benefits are separate property.  Id.

            Here, the
divorce decree did not follow the Berry formula.  Instead, the divorce decree provides that
Tressie receives “one-half of any and all sums, whether matured or unmatured,
accrued or unaccrued, vested or otherwise, in the Retirement Plan for Employees
of the Texas Utilities Company System together with all increases thereof, the
proceeds therefrom, and any other rights existing by reason of [Mack]’s
employment with TU Electric.”  In
examining similar provisions, the Texas Supreme Court has held that such a
division unambiguously entitles the recipient to an interest in all sums
received under the retirement plan rather than an interest in presently accrued
benefits under the plan.  See Reiss
v. Reiss, 118 S.W.3d 439, 441 (Tex. 2003); Shanks, 110
S.W.3d at 448.  These cases govern our
analysis of this provision.  Although the
trial court’s divorce decree improperly awards Tressie retirement benefits that
are Mack’s separate property, the divorce decree is unambiguous and final, and
we must give it effect.  See Shanks,
110 S.W.3d at 447 (trial court must enforce divorce decree as it is written,
not as it should have been written).

            Pursuant to
the divorce decree, Tressie is entitled to one-half of the retirement benefits.[1]  Because the QDRO alters this division of
property, we agree with Tressie that the QDRO violates Section 9.007(b) of the
Texas Family Code.  This does not end our
analysis, however.  Tressie’s complaint
that the February 2, 1993 QDRO in this case differs from the divorce decree is
a collateral attack on the QDRO.  While
we agree that the QDRO does not match the division of property in the divorce
decree, we must also examine whether Tressie’s challenge to the QDRO is barred
by res judicata.

The QDRO

            A QDRO is a
final, appealable order.  See Reiss,
118 S.W.3d at 441 (post divorce QDRO reviewed by appeal).  “Res judicata applies to final divorce
decrees and, under the same logic, applies to final post-divorce orders.”  Gainous v. Gainous, 219 S.W.3d
97, 105 (Tex. App.–Houston [1st Dist.] 2006, pet. filed) (op. on reh’g); see
also Tex. Fam. Code Ann. §§
9.103-.104 (Vernon 2006); Baxter v. Ruddle, 794 S.W.2d 761, 762
(Tex. 1990) (applying res judicata to a divorce decree).  But an attack on the QDRO is not barred by
res judicata if it is shown that the QDRO is void.  Gainous, 219 S.W.3d at
105.  The QDRO is void if the trial court
lacked jurisdiction over the parties or the subject matter, or to enter the
judgment, or lacked capacity to act as a court. 
Id.  The party
challenging the QDRO has the burden to establish that the QDRO is void.  Stewart v. USA Custom Paint & Body
Shop, Inc., 870 S.W.2d 18, 20 (Tex. 1994); Gainous, 219
S.W.3d at 106.

            Although a
trial court that rendered a divorce decree generally retains continuing subject
matter jurisdiction to clarify and enforce the decree’s property division,
there are limitations on those enforcement and clarification powers.  Gainous, 219 S.W.3d at 106; see
also Tex. Fam. Code Ann. §§
9.002, 9.006, 9.008 (Vernon 2006).  And
Section 9.007(b) provides as follows:  “An
order under this section that amends, modifies, alters or changes the actual,
substantive division of property made or approved in a final decree of divorce
or annulment is beyond the power of the divorce court and is
unenforceable.”  Tex. Fam. Code Ann. § 9.007(b) (Vernon 2006) (emphasis
added); see also Shanks, 110 S.W.3d at 449.

            The First
Court of Appeals examined the issue of jurisdiction in Gainous.  There, the court recognized that a “QDRO is a
species of post-divorce enforcement or clarification order.”  Gainous, 219 S.W.3d at 107; see
also Shanks, 110 S.W.3d at 449. 
The court further recognized that when describing the limitation imposed
by Section 9.007 on postdivorce enforcement and clarification, the case law
includes terms such as “power,” “jurisdiction,” and “authority,” indicating
matters of subject matter jurisdiction.  Gainous,
219 S.W.3d at 107-08.  The First Court
thus determined that Section 9.007 is jurisdictional and that orders violating
its restrictions are void. We agree.  A
trial court lacks jurisdiction to enter a QDRO that is not in compliance with
Section 9.007(a). Because the February 2, 1993 QDRO changed the actual,
substantive division of property made in the divorce decree, the QDRO violated
Section 9.007(a) and is void.  Therefore,
Tressie’s complaint is not barred by res judicata.  Thus, the trial court must amend the QDRO to
effectuate the division of property ordered by the court in the divorce
decree.  See Tex. Fam. Code Ann. § 9.1045 (Vernon
2006).

Past Benefits

            Tressie
further complains that past retirement benefits have been provided to Mack in a
percentage greater than he is entitled to under the divorce decree.  Tressie asks this court to require the trial
court to set aside all of Mack’s future retirement benefits until she has been
fully reimbursed for the deficit in retirement payments.  The trial court has broad discretion in
determining how to correct the past shortfall. 
See Tex. Fam. Code Ann. §
9.010 (Vernon 2006).  We decline to
restrict the method by which the payment of past benefits will be brought into
compliance with the divorce decree. 
Instead, we remand this issue to the trial court.

 

 

Conclusion

            Because the
trial court abused its discretion in denying Tressie’s motion to enforce and
clarify the divorce decree and modify and clarify the QDRO, we sustain Tressie’s
sole issue.  We reverse the
judgment of the trial court and remand the cause for further
proceedings consistent with this opinion.

            

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

 

Opinion delivered June 20,
2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

                                                            

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] Tressie claimed
entitlement to approximately 33% of the retirement benefits.  But the QDRO division of the retirement
benefits must match the divorce decree. 
Because the divorce decree awarded Tressie one-half of the retirement
benefits, the QDRO should have reflected that division.