

NUMBER 13-09-00351-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RICARDO ALFREDO MACIAS,                                  Appellant,

v.

MARTHA ANN MACIAS,                                       Appellee.

On appeal from the 25th District Court
of Gonzales County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion by Justice Garza**

Before us is an appeal from the denial of a motion to clarify a divorce decree. Appellant, Ricardo Alfredo Macias, filed his motion to clarify when, after his retirement, forty percent of his monthly military pension pay was sent to appellee, Martha Ann Macias, Ricardo's former wife. Ricardo claims that the trial court erred by denying his motion to clarify because the divorce decree constitutes an "impermissible invasion of [his] separate property." Because we find the decree to be unambiguous, we affirm the decision of the trial court.

## I. BACKGROUND

Ricardo and Martha were married on February 14, 1989, and they were divorced on

January 14, 2000. Ricardo served in the United States Army throughout the marriage. He began his Army service five years prior to the marriage and continued his service for an additional eight years and three months after the divorce. The final divorce decree provided for the "just and right" division of the parties' marital estate. *See* TEX. FAM. CODE ANN. § 7.001 (Vernon 2006).[1] The decree, in part, awarded the following to Martha as her separate property:

> All right, title, and interest in and to 40 percent of the United States Army disposable retired pay to be paid as a result of RICHARDO [sic] ALFREDO MACIAS' service in the United States Army, and 40 percent of all increases in the United States Army disposable retired pay due to cost of living or other reasons, if, as, and when received.[2]

Ricardo retired on April 30, 2008. Soon thereafter, the Defense Finance and Accounting Service began sending Martha forty percent of Ricardo's monthly retired pay, or pension benefits. Ricardo subsequently filed his "Motion for Clarification of Division of Military Retired Pay, or in the Alternative, Motion to Modify, Correct, or Reform Judgment." In the motion, Ricardo contended that Martha was entitled only to forty percent of the retirement benefits that he earned during the course of the eleven-year marriage, rather than forty percent of the entire amount that Ricardo earned during his twenty-four years of Army service. The trial court denied the motion on May 20, 2009.[3] This appeal

---

[1] Neither party appealed the final decree of divorce.

[2] We note that the decree erroneously awards the following property to *both* parties:

All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present or future employment.

On appeal, however, Ricardo does not argue that these contradictory provisions cause the decree's provisions regarding military retired pay to be ambiguous. *See Haworth v. Haworth*, 795 S.W.2d 296, 299 (Tex. App.–Houston [14th Dist.] 1990, no writ) (finding that similar language in a divorce decree was trumped by "a clear and specific disposition" to the former wife of the parties' Texaco stock); *see also Schulz v. Schulz*, No. 04-95-00448-CV, 1996 Tex. App. LEXIS 4222, at *6 (Tex. App.–San Antonio Sept. 25, 1996, no writ) ("Specific provisions in an instrument will prevail over general provisions.").

[3] In his brief, Ricardo states: "While Appellant's prior attorney filed what she called as [sic] a 'Motion for Clarification of Division of Military Retired Pay, or in the Alternative, Motion to Modify, Correct or Reform Judgment,' it is in effect a Plea to the Jurisdiction of the District Court over the post-divorce military retired pay that Appellant earned prior to the parties' marriage and subsequent to the entry of the parties' Final Decree of Divorce." However, the record reflects that the trial court did not treat Ricardo's motion as a plea to the

followed.[4]

## II. STANDARD OF REVIEW

This case involves the interpretation of a divorce decree and is subject to de novo review on appeal. *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003). In interpreting a divorce decree, we apply general rules regarding the construction of judgments. *Id.* Judgments, like other written instruments, are to be construed as a whole, toward the end of harmonizing and giving effect to all the court has written. *Constance v. Constance*, 544 S.W.2d 659, 660 (Tex. 1976). "If the decree, when read as a whole, is unambiguous as to the property's disposition, the court must effectuate the order in light of the literal language used." *Shanks*, 110 S.W.3d at 447 (quoting *Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997)).

In addition, an enforcement order is limited only to clarifying or aiding the application of a divorce decree. *Pierce v. Pierce*, 850 S.W.2d 675, 679 (Tex. App.–El Paso 1993, writ denied). Under the Texas Family Code, the court may clarify an order to enforce compliance with a specific decree. *See* TEX. FAM. CODE ANN. § 9.008(b) (Vernon 2006). But a court may not "amend, modify, alter, or change the division of property made or approved in the decree of divorce" with a clarification order. *Id.* § 9.008(a). Clarification orders cannot be utilized to modify a final divorce decree. *Pierce*, 850 S.W.2d at 680.

## III. DISCUSSION

In his only issue, Ricardo argues that state courts may divide military retired pay only as authorized by the Uniformed Services Former Spouses' Protection Act ("USFSPA"). *See* 10 U.S.C. § 1408(c)(1). According to Ricardo, because only "disposable retired pay" can be apportioned by a divorce court under the USFSPA, the trial court had jurisdiction only over the retired pay earned by Ricardo while the parties were married. Ricardo then

---

jurisdiction. Therefore, we will review the judgment as a ruling on a motion to enforce under the Texas Family Code, as set out in our standard of review. *See* TEX. FAM. CODE ANN. § 9.008(b) (Vernon 2006).

[4] Martha has not filed an appellee's brief to assist us in the resolution of this matter.

sets forth an elaborate formula for determining the amount of the retired pay which was actually "before the court."

The provision in the divorce decree at issue uses the term "disposable retired pay," which is generally defined in the USFSPA as the "total monthly retired pay to which a member is entitled . . . ." *Id.* § 1408(a)(4).[5] The statute does not limit the property that can be divided by the court to the community property of the marital estate, as Ricardo argues. Further, the statute defines the term "court order" as "a final decree of divorce, . . . which . . . in the case of a division of property, specifically provides for the payment of an amount, expressed in dollars or as a percentage of disposable retired pay, from the disposable retired pay of a member to the spouse or former spouse of that member." *Id.* § 1408(a)(2)(C). Thus, there is no support for the argument made by Ricardo that the trial court only had jurisdiction over retirement benefits actually earned during the marriage.

Ricardo further argues that the decree is ambiguous and that the parties intended only to divide the retirement pay earned during the marriage. According to Ricardo, this intent can be discerned by examining the language of the section in the decree entitled "Payment of United States Army Disposable Retired Pay." That section states, in part:

> Petitioner, MARTHA ANN MACIAS, and Respondent, RICARDO ALFREDO

---

[5] To be precise, the statute defines "disposable retired pay" as the total monthly retired pay to which a member is entitled less amounts which:

(A)    are owed by that member to the United States for previous overpayments of retired pay and for recoupments required by law resulting from entitlement to retired pay;

(B)    are deducted from the retired pay of such member as a result of forfeitures of retired pay ordered by a court-martial or as a result of a waiver of retired pay required by law in order to receive compensation under title 5 or title 38;

(C)    in the case of a member entitled to retired pay under chapter 61 of this title, are equal to the amount of retired pay of the member under that chapter computed using the percentage of the member's disability on the date when the member was retired (or the date on which the member's name was placed on the temporary disability retired list); or

(D)    are deducted because of an election under chapter 73 of this title to provide an annuity to a spouse or former spouse to whom payment of a portion of such member's retired pay is being made pursuant to a court order under this section.

10 U.S.C. § 1408(a)(4). None of the four listed exclusions are applicable here. Therefore, Ricardo's "disposable retired pay" is equal to the total amount of retired pay to which he is entitled.

4

MACIAS, were originally married on February 14, 1989, and that marriage lasted for 10 years and 11 months or more, during which time RICARDO ALFREDO MACIAS served 14 years or more of creditable service towards retirement.

Ricardo further argues that it was the intent of the parties and the trial court to award Martha forty percent of the retirement pay calculated as of the date of divorce, and that by giving her forty percent of his retirement pay earned throughout his term of service, the court is invading his separate property.

Even though judgments should be construed as a whole to harmonize and give effect to the entire decree, *see Constance*, 544 S.W.2d at 660, we disagree that the referenced paragraph does anything to modify or add to the unambiguous provision awarding forty percent of Ricardo's entire disposable retired pay to Martha. It is apparent that the intent of the aforementioned paragraph is merely to establish that the marriage lasted long enough to satisfy the statutory requirements, not to substantively modify the property division described earlier in the decree. *See* 10 U.S.C. § 1408(6)(d)(2) ("If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired pay, payments may not be made under this section . . . .").

In a similar case, the Fourth Court of Appeals reviewed the decision of a trial court to award a forty-nine percent interest in the total retirement pay of the appellant as opposed to a forty-nine percent interest in the community property portion of the retirement pay. *Carroll v. Carroll*, No. 04-08-00063-CV, 2009 Tex. App. LEXIS 167, at *4-5 (Tex. App.–San Antonio Jan. 14, 2009, no pet.) (mem. op.). In that case, the former husband had accrued a total of twenty-eight years and one month of service with the United States Army, with twenty-two years and ten months having been accrued during the marriage. *Id.* at *2. The decree specifically stated that "[t]he community interest of [former husband's] monthly gross retired pay subject to being divided by this Court is 100% of the monthly gross retired pay of an [O-5 grade officer] with 22 years and 10 months of creditable

5

service towards retirement." *Id.* at *3. In other words, the decree defined the "community interest" in the pension as solely that amount which was earned during the marriage, and did not include any amounts earned prior to or after the marriage. *See id.* Crucially, unlike the decree at issue here, the decree in *Carroll* then awarded the former wife forty-nine percent of only the community interest in the monthly retirement benefits. *Id.* at *2-3. In a memorandum opinion, the court of appeals found the trial court's clarification order

> improperly made substantive changes to the decree by basing [the former wife's] 49% award on [the former husband's] total military retirement pay rather than by following the formula set forth in the decree and basing [the former wife's] 49% award on the military retirement pay of "an [O-5 grade officer] with 22 years and 10 months of creditable service towards retirement."

*Id.* at *9. The court noted that, "[i]n the absence of an ambiguity, the trial court was without authority to modify the judgment via a clarification order; therefore, we must enforce the decree in accordance with its unambiguous language and the intent of the parties." *Id.* (citing *Pearcy v. Pearcy*, 884 S.W.2d 512, 514 (Tex. App.–San Antonio 1994, no writ)). In *Carroll*, the decree specifically provided that the former wife's award would be based only on that portion of the former husband's retired pay that was actually earned during the marriage. *Id.* at *3. There is no such language in the decree at issue here.

In another similar case, *Baxter v. Ruddle*, the divorce decree provided that the former wife, Baxter, would receive thirty-seven and one-half percent of the "gross U.S. Army retirement" benefits earned by Ruddle, the former husband, "if, as and when received" by Ruddle. 794 S.W.2d 761, 762 (Tex. 1990). After the divorce, Ruddle received a promotion and an increase in gross pay; Baxter then filed a motion seeking thirty-seven and one-half percent of the increase in benefits received by Ruddle as a result of his pay raise. *Id.* Ruddle argued that Baxter was not entitled to any post-divorce increases, and the trial court agreed. *Id.* The Texas Supreme Court reversed, concluding that the language unambiguously provided that Baxter was to receive thirty-seven and one-half percent of the "total retirement benefits received by Ruddle each month, including any post-divorce increases." *Id.* at 763. "The parties were entitled to make the agreement they

6

did, even if the trial court had been unable to order the same property division without their agreement, and the judgment agreed to by the parties is binding on them." *Id.*

The same reasoning is applicable here. The decree dissolving the Maciases' marriage was entered into by agreement of the parties, who were free to determine its terms. Those terms unambiguously award to Martha "40 percent of the United States Army disposable retired pay to be paid as a result of [Ricardo's] service in the United States Army." Because the terms of the divorce decree are plain and unambiguous, the trial court was without authority to modify the judgment via a clarification order, and it did not err in denying Ricardo's motion. *See* TEX. FAM. CODE ANN. § 9.008(a); *Pierce*, 850 S.W.2d at 680. Ricardo's sole issue is overruled.

## IV. CONCLUSION

We affirm the judgment of the trial court

_____
DORI CONTRERAS GARZA
Justice

Delivered and filed the
8th day of July, 2010.

7