**Affirm and Opinion Filed October 7, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00273-CV**
_____

**EFEOGOR L. ABADA, Appellant**
**V.**
**BRIDGETTE L. ABADA, Appellee**

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-19787**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Nowell

Appellant Efeogor L. Abada (Husband) appeals the trial court's March 9, 2023 order clarifying and enforcing the property division of a home as set forth in a 2017 divorce decree (2017 Order). Husband argues the trial court's order improperly modified the 2017 Order and awarded appellee Bridgette L. Abada (Wife) part of Husband's separate property, which resulted in an inequitable division of the community estate. We affirm.

## Background

Wife filed a pro se petition for divorce on September 13, 2016, and Husband subsequently filed a pro se answer. The trial court entered an agreed judgment on October 2, 2017, stating in relevant part, that Husband and Wife receive the following community property: "1/2 proceeds from sale of 7845 Fox Horn after mortgage is paid off and expenses of sale are deducted."

Wife continued living in the home post-divorce. Wife repeatedly asked Husband to sell the home so she could move forward with her life, but he refused. It is undisputed Husband paid $194,000 in expenses after the divorce, which included all the mortgage payments, most of the utilities, and other home expenses.

On September 14, 2021, Wife filed a petition for enforcement of property division alleging Husband refused to sell the home "to comply with the divorce decree dividing the sale proceeds." Wife requested the court to order Husband to sell the property and if he failed to do so, then to appoint a receiver to determine the sale price, to sell the property, and to divide the proceeds. Husband answered and argued the 2017 Order was not enforceable because it did not provide a specific date or time to sell the home. Husband further asserted he was entitled to reimbursement for the mortgage payments and other expenses he paid post-divorce.

On August 4, 2022, Father filed a motion to modify the 2017 Order, or in the alternative, for clarification of the property division because "several disputes" had arisen between Husband and Wife concerning the interpretation of the property

–2–

division of the home post-divorce. Wife gave Husband time to refinance and purchase the home, but he never obtained financing.

The court held a hearing on May 10, 2022 wherein Husband and Wife testified. Based on property value and an amortization schedule, the home could sell for approximately $355,000 with $200,000 in equity.

On March 9, 2023, the trial court signed a clarification order of the 2017 Order. It provided in relevant part:

> The Court orders the property at 7845 Fox Horn Drive . . . be placed for sale by July 1, 2022. . . . [Husband] shall have the option to purchase the property until July 1, 2020 [sic]. The property shall be purchased by [Husband] for the price of $350,000.00. It is ordered that if [Husband] does not purchase the house by July 1, 2022 the house shall be listed for sale for $357,000.00.
>
> The title company is ordered to pay each party one-half of the sale price after the loan on the property is paid off and all closing costs are paid.

Husband appeals the March 9, 2023 order.

## Discussion

Husband argues the trial court erred by awarding him half of the present-day value of the home after the sale instead of half of the value of the home at the time of the 2017 Order. By doing so, Husband maintains the trial court abused its discretion by allowing Wife to receive part of the equity earned by him, as his separate property post-divorce, and resulted in a $100,000 windfall to Wife. Wife responds the trial court did not abuse its discretion because the plain language of the 2017 Order entitled each party to receive one-half of the proceeds from the sale of

the home without limiting language as to time. Further, to the extent Husband sought reimbursement, he refused to sell the home and voluntarily paid mortgage payments post-divorce.

We review the trial court's ruling on a post-divorce motion for enforcement or clarification of a divorce decree under an abuse-of-discretion standard. *Matter of Marriage of Manor*, No. 07-16-00143-CV, 2018 WL 1415407, at \*1 (Tex. App.—Amarillo Mar. 21, 2018, pet. denied) (mem. op.). Under the family code, the trial court that renders a divorce decree retains jurisdiction to clarify and to enforce the decree's property division. *Perry v. Perry*, 512 S.W.3d 523, 527 (Tex. App.—Houston [1st Dist.] 2016, no pet.). However, after its plenary power expires, the trial court may not amend, modify, alter, or change the property division in the decree. *Id.* "An order . . . that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce . . . is beyond the power of the divorce court and is unenforceable." TEX. FAM. CODE ANN. § 9.007(b).

The 2017 Order provides Husband and Wife would receive "1/2 proceeds from sale of 7845 Fox Horn after mortgage is paid off and expenses of sale are deducted." But the provision did not specify by when or for how much the home must be sold. Under the rules of contract construction, "when construing an agreement to avoid forfeiture, we may imply terms that can reasonably be implied." *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 239 (Tex. 2016). Thus, if a divorce decree

orders that property be sold, but fails to specify a price, "the law presumes that the parties . . . intended a reasonable price." *Perry*, 512 S.W.3d at 528. Likewise, if the decree fails to specify a time for performance, "the law implies a reasonable time." *Id.* Because the 2017 Order did not specify when or for how much the home must be sold, the law provides these two missing terms: The home must be sold at a reasonable time and for a reasonable price. *Id.* However, Husband refused to sell the home after the divorce. Wife's motion to enforce the decree was a request to "assist in the implementation of or to clarify the prior order," not to modify the 2017 Order of property division. *See, e.g.*, *Noyes v. Noyes*, No. 04-08-00627-CV, 2009 WL 2520972, at *4 (Tex. App.—San Antonio Aug. 12, 2009, no pet.) (mem. op.); *see also* TEX. FAM. CODE ANN. § 9.006(a). We reject Husband's argument to the contrary.

The trial court clarified the 2017 Order by providing the deadline for Husband to purchase the home, and if he did not, then ordering sale of the home and stating a reasonable price. It also included language, similar to the 2017 Order, that Husband and Wife were each entitled to "one-half of the sale price after the loan on the property is paid off and all closing costs are paid."

To the extent Husband asserts the trial court abused its discretion by not granting each party half of the home's value at the time of the divorce, we reject his argument. We recognize the value of community property is generally determined on the date of divorce or as close to that date as possible. *VanHeerden v.*

*VanHeerden*, 321 S.W.3d 869, 880 (Tex. App.—Houston [14th Dist.] 2010, no pet.). However, the 2017 Order did not include language for the division of the home's sale proceeds based on its value at the time of the divorce. Instead, it unambiguously provided for each to receive "1/2 proceeds from sale" of the home. "[W]hen the language of the decree is unambiguous, as it is here, we interpret the judgment literally." *Reiss v. Reiss*, 118 S.W.3d 439, 441–42 (Tex. 2003); *see also Wagner v. Davis*, No. 02-19-00249-CV, 2020 WL 241381, at *3 (Tex. App.—Fort Worth Jan. 16, 2020, no pet.) (mem. op.) (reversing trial court's order "rewriting" divorce decree that awarded wife fifty percent of equity in the home at the time of the divorce when the unambiguous language stated equity should be valued at the date of the sale). As such, the trial court did not impermissibly amend, modify, alter, or change the characterization of the property in the 2017 Order thereby allowing a "windfall" to Wife. TEX. FAM. CODE ANN. § 9.007(a)-(b). Instead, it acted within its discretion by rendering the clarification order to assist in the implementation of the 2017 Order. *Id.* § 9.06(a). We overrule Husband's first and second issues.

In reaching this conclusion, we reject any claim for reimbursement of the $194,000 in mortgage payments and other expenses Husband paid after moving out of the home in 2017.[1] The 2017 Order did not provide for Husband's right to reimbursement for ongoing mortgage payments made before the sale of the home,

---

[1] Husband sought this relief in the trial court; however, it is unclear whether he is seeking such relief on appeal. Wife maintains Husband is not entitled to such relief. Broadly construing Husband's brief, we shall address whether Husband is entitled to reimbursement.

though it easily could have done so. *Cf.*, *In re Owsley*, No. 2:20-CV-00171, 2021 WL 3033120, at *9 (S.D. Tex. July 17, 2021) ("[T]he Final Decree unambiguously requires Jimie Owsley to continue making mortgage payments without any provision for a right of reimbursement" and had the parties intended for reimbursement, the decree could have easily included one); *cf.*, *Campbell v. Campbell*, No. 01-10-00562-CV, 2011 WL 2436513, at *2 (Tex. App.—Houston [1st Dist.] June 16, 2011, no pet.) (mem. op.) (expressly ordering that any party making pre-sale mortgage payments would be reimbursed). And, because Husband did not appeal the 2017 Order, he is bound by its terms. *See In re Staley*, 320 S.W.3d 490, 502 (Tex. App.—Dallas 2010, no pet.) ("Res judicata applies to a final divorce decree to the same extent that it applies to any other final judgment.") (citing *Baxter v. Ruddle*, 794 S.W.2d 761, 762 (Tex. 1990)). Accordingly, Husband is not entitled to reimbursement for post-divorce mortgage payments and other expenses.

Finally, because we affirm the trial court's March 9, 2023 clarification order, Husband is not entitled to remand for equitable division of the community estate. Husband's third issue is overruled.

## Conclusion

We affirm the trial court's March 9, 2023 clarification order.

230273f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EFEOGOR L. ABADA, Appellant

No. 05-23-00273-CV        V.

BRIDGETTE L. ABADA, Appellee

On Appeal from the 301st Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-16-19787. Opinion delivered by Justice Nowell. Justices Reichek and Carlyle participating.

In accordance with this Court's opinion of this date, the trial court's March 9, 2023 clarification order is **AFFIRMED**.

It is **ORDERED** that appellee BRIDGETTE L. ABADA recover her costs of this appeal from appellant EFEOGOR L. ABADA.

Judgment entered this 7th day of October, 2024.