**Opinion issued December 13, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00156-CV

————————————

**WILLIAM PERRY, Appellant**

**V.**

**VICKIE REAMS PERRY, Appellee**

---

**On Appeal from the County Court at Law**
**Waller County, Texas**
**Trial Court Case No. 12-05-21470**

---

## O P I N I O N

William Perry appeals from a post-divorce order appointing a receiver to sell, "in his sole discretion . . . upon terms and conditions determined by him," certain real property in Hockley, Texas (the "House").

The House is the former community property of William and his ex-wife, Vickie Reams Perry. The decree from William and Vickie's divorce awarded possession of the House to William and awarded William and Vickie each one-half of the profits of the sale of the House.

Under the Texas Family Code, a trial court may not modify the division of property made in a decree of divorce. TEX. FAM. CODE § 9.007(a). William contends that the trial court improperly modified the division of property made in William and Vickie's decree of divorce. We vacate the trial court's order and remand for further proceedings.

## Background

### *The trial court enters the divorce decree*

William and Vickie divorced in 2012. The division of property in their final decree of divorce included two provisions relating to the House: one that was part of the form divorce decree, and one that was added in handwriting by William and Vickie.

The provision from the form awarded the House to William and divested the House from Vickie:

> The Court ORDERS that the Husband is awarded *(gets)* the [House], and the Wife is divested of *(doesn't get)* any interest, title or claim she may have to the [House].

2

> Wife IS ORDERED to sign any deeds or documents needed to transfer [the House] to the Husband. Husband is responsible for preparing the documents.

The handwritten provision granted Vickie one-half of the profits of the sale of the House:

> William Perry agrees to grant Vickie Perry 50% of the profit of the [sale] of the currently community property of [the House.]

### *The trial court subsequently appoints a receiver to sell the House*

Several years after William and Vickie's divorce, William, appearing pro se, filed suit to enforce the divorce decree. William alleged that Vickie had violated the decree by failing to sign a deed transferring her interest in the House to him. William requested that the trial court order Vickie to transfer her interest in the House to him. William alleged that Vickie's refusal to sign a deed was preventing him from selling the House to a prospective buyer.

Vickie answered and counterclaimed for a clarifying order. Vickie requested that the trial court determine each party's rights and duties under the divorce decree and clarify any ambiguity in the decree's property division. Vickie alleged that William had told her that he was going to sell the House but was not going to give her one-half of the profits.

Vickie also moved the trial court to appoint a receiver to sell the House. Vickie alleged that the House was at risk of foreclosure and therefore contended that appointing a receiver would protect both parties' interests in the House.

3

Vickie did not verify the allegations in her motion or support them with evidence. Nor did she state the legal basis for appointing a receiver under these circumstances or cite to any supporting legal authority for her requested relief. William did not file a response to Vickie's motion.

The trial court held two hearings on Vickie's receiver motion. At the first hearing, William, again appearing pro se, informed the trial court that he opposed the appointment of a receiver because the House was not in danger of foreclosure. The trial court suggested that he and Vickie prepare an agreed order requiring that the proceeds of the sale of the House be paid into an escrow account until the parties or the trial court determined how such proceeds would be distributed. The record does not include any evidence that William agreed to such an order.

At the second hearing, William, now appearing through counsel, again objected to the appointment of a receiver. William argued that appointing a receiver would improperly modify the divorce decree because the decree did not order William to sell the House.

The trial court stated that appointing a receiver would not harm either William or Vickie but would benefit them both. The trial court also recalled that William had agreed to sell the House at the first hearing. Again, the record does not include any evidence that William agreed to sell the House at the first hearing.

4

After the second hearing, the trial court signed an order appointing a receiver to sell the House. The order appointed the receiver "to take charge and possession" of the House if William failed to sell the House by February 15, 2016. If William failed to do so, the order authorized the receiver "to manage, control, and dispose" of the House "as he s[aw] fit in his sole discretion . . . upon terms and conditions determined by him . . . ."

William timely appealed.

**Modification of Divorce Decree**

In three issues, William argues that the entry of the receivership order was an abuse of discretion because (1) neither the receiver nor Vickie were required to post a bond,[1] (2) the order improperly modified the divorce decree's division of property, and (3) a receivership to sell the House is not a remedy available under Section 64.001 of the Civil Practice and Remedies Code. William did not raise the first and third issues below, so we do not consider them here.[2] We therefore turn to William's second issue, and determine whether the trial court's receivership order

---

[1]   *See* TEX. CIV. PRAC. & REM. CODE § 64.023 ("Before a person assumes the duties of a receiver, he must execute a good and sufficient bond . . . ."); TEX. R. CIV. P. 695a ("No receiver shall be appointed with authority to take charge of property until the party applying therefor has filed with the clerk of the court a good and sufficient bond . . . .").

[2]   *See Fite v. Emtel, Inc.*, No. 01–07–00273–CV, 2008 WL 4427676, at *9 (Tex. App.—Houston [1st Dist.] Oct. 2, 2008, pet. denied) (mem. op.) (stating errors in receivership proceedings are waivable).

5

improperly modified the division of property in William and Vickie's divorce decree.

## A. Preservation of error

Vickie argues that William failed to preserve error on his second issue because he failed timely to object to the appointment of a receiver. We disagree.

Preservation of error is a prerequisite for appellate review. TEX. R. APP. P. 33.1(a). To preserve error, a party must (1) raise the issue before the trial court in a manner that is timely, complies with the Rules of Civil Procedure, and informs the trial court of what the party requests and the basis for the request, and (2) obtain a ruling from the trial court or object to the trial court's refusal to rule. *Id.*; *see In re Commitment of Hill*, 334 S.W.3d 226, 229 (Tex. 2011). Appellate courts may not review issues that are not preserved for appeal. TEX. R. APP. P. 33.1(a).

At both hearings, William objected to the appointment of a receiver. He specifically argued that appointing a receiver would improperly modify the divorce decree because the decree did not order William to sell the House. We hold that William preserved error on his second issue.

## B. Standard of review

We review a trial court's interlocutory order appointing a receiver for an abuse of discretion. *Abella v. Knight Oil Tools*, 945 S.W.2d 847, 849 (Tex.

6

App.—Houston [1st Dist.] 1997, no writ); *see also Howard v. Howard*, 490 S.W.3d 179, 183 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (ruling on post-divorce motion reviewed for abuse of discretion).

"A trial court abuses its discretion only if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *Howard*, 490 S.W.3d at 184. When, as here, the trial court makes no separate findings of fact or conclusions of law, we draw every reasonable inference supported by the record in favor of the trial court's judgment. *Gainous v. Gainous*, 219 S.W.3d 97, 103 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). The trial court's order must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Id.*

## C. Applicable law

### 1. Family Code

Under the Family Code, the trial court that renders a divorce decree retains jurisdiction to clarify and to enforce the decree's property division. *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011) (per curiam) (citing TEX. FAM. CODE §§ 9.002, .008). However, after its plenary power expires, the trial court may not amend, modify, alter, or change the property division in the decree. *Howard*, 490 S.W.3d at 185 (citing TEX. FAM. CODE § 9.007(a), (b); *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003); *Quijano v. Quijano,* 347 S.W.3d 345, 353 (Tex.

App.—Houston [14th Dist.] 2011, no pet.)).  "An order . . . that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce . . . is beyond the power of the divorce court and is unenforceable."  TEX. FAM. CODE § 9.007(b).

### 2. Appointment of receiver

Chapter 64 of the Civil Practice and Remedies Code sets forth the circumstances under which a trial court may appoint a receiver.  TEX. CIV. PRAC. & REM. CODE §§ 64.001 *et seq.*  Under Section 64.001, a trial court of competent jurisdiction may appoint a receiver under six different circumstances, including cases "in which a receiver may be appointed under the rules of equity."  *Id.* § 64.001(a).

The appointment of a receiver is a harsh, drastic, and extraordinary remedy, which must be used cautiously.  *Benefield v. State*, 266 S.W.3d 25, 31 (Tex. App.—Houston [1st Dist.] 2008, no pet.).  "[A] trial court should not appoint a receiver if another remedy exists, either legal or equitable."  *Id.*  "[R]eceivership is warranted only if the evidence shows a threat of serious injury to the applicant."  *Id.*  In determining whether the trial court erred in appointing a receiver, "[o]ur review focuses on whether the pleadings and evidence are sufficient to justify a receivership."  *Id.*

**D.   Modification of divorce decree**

William argues that the trial court's receivership order is "beyond the power" of the trial court because it modifies the "actual, substantive division of property" in the divorce decree.  According to William, the order modifies the decree's property division because the decree does not order that the House be sold; it only orders that Vickie receive one-half of the profits if William decides, in his discretion, to sell the House.  Vickie, in response, contends that William's agreement in the decree to grant her one-half of the profits of the sale of the House "directly implies" that the House must be sold.  Thus, to determine whether the trial court improperly modified William and Vickie's divorce decree, we must determine whether the decree orders that the House be sold, and, if so, under what circumstances.

We interpret an agreed divorce decree according to the rules of contract construction.  *Howard*, 490 S.W.3d at 184.  Our primary aim is to ascertain the true intent of the parties as expressed in the writing itself.  *Id.* (citing *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011)).  We construe the decree as a whole to harmonize and to give effect to the entire agreement so that none of its provisions will be rendered meaningless.  *Hagen v. Hagen*, 282 S.W.3d 899, 901 (Tex. 2009); *Howard*, 490 S.W.3d at 184.

9

We begin our analysis with the decree's express language. *Italian Cowboy Partners*, 341 S.W.3d at 333. If the decree is subject to only one reasonable interpretation, then the decree is unambiguous, and we interpret it according to its literal language. *Howard*, 490 S.W.3d at 184. But if the decree is subject to more than one reasonable interpretation, then the decree is ambiguous, and we interpret it by reviewing both the decree as a whole and the record. *Hagen*, 282 S.W.3d at 901; *Howard*, 490 S.W.3d at 184. "Whether a divorce decree is ambiguous is a question of law." *Hagen*, 282 S.W.3d at 901–02.

William and Vickie's divorce decree includes two provisions relating to the House—a provision that was part of the form and a provision that was added in handwriting by William and Vickie. The provision from the form awards the House to William and divests Vickie of "any interest, title or claim" to the House. The handwritten provision grants Vickie half of the profits of any sale of the House, presupposing that the House will be sold and that William will be the one who sells it.

We hold that these two provisions, read as a whole, are subject to only one reasonable interpretation: William is awarded possession of the House and is responsible for selling the House, and Vickie is divested of "any interest, title or claim" to the House except a right to one-half of the profits of the sale. This is the only construction that harmonizes and gives effect to both provisions.

10

But the provisions do not specify by when or for how much the House must be sold. Under the rules of contract construction, "when construing an agreement to avoid forfeiture, we may imply terms that can reasonably be implied." *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 239 (Tex. 2016). Thus, if a divorce decree orders that property be sold, but fails to specify a price, "the law presumes that the parties . . . intended a reasonable price." *Seabourne v. Seabourne*, 493 S.W.3d 222, 230 n.9 (Tex. App.—Texarkana 2016, no pet.).[3] Likewise, if the decree fails to specify a time for performance, "the law implies a reasonable time . . . ." *Noyes v. Noyes*, No. 04–08–00627–CV, 2009 WL 2520972, at *4 (Tex. App.—San Antonio Aug. 12, 2009, no pet.) (mem. op.) (holding that divorce decree that did not specify date by which husband was required to sell house required husband to sell house "within a reasonable amount of time").[4]

---

[3]     *See also David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008) ("Where the parties have done everything else necessary to make a binding agreement for the sale of goods or services . . . it will be presumed that a reasonable price was intended.").

[4]     *See also Atl. Lloyds Ins. Co. v. Butler*, 137 S.W.3d 199, 212 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("When no specific time for performance is stated in a contract, the law will imply a reasonable time."); *Beago v. Ceres*, 619 S.W.2d 293, 295 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ) (holding that separation agreement that contemplated sale of property without specifying date required property to be sold by reasonable date).

Because the divorce decree's provisions do not specify by when or for how much the House must be sold, the law provides these two missing terms: The House must be sold at a reasonable time and for a reasonable price.

The receivership order authorizes the receiver to sell the House "in his sole discretion . . . upon terms and conditions determined by him . . . ." In other words, the order does not require that the receiver sell the House at a reasonable time and for a reasonable price. Accordingly, we hold that the receivership order modifies the division of property in William and Vickie's decree of divorce.

Vickie nevertheless maintains that the trial court's order was proper because she holds an equitable vendor's lien on the House and thus has the right to force a sale of the House through the appointment of a receiver. Vickie contends that the lien was created by the divorce decree.

Under Texas law, a divorce decree by which the ex-husband agrees to pay the ex-wife a sum of money in consideration for the conveyance of her interest in real property creates an equitable vendor's lien for the ex-wife. *McGoodwin v. McGoodwin*, 671 S.W.2d 880, 882 (Tex. 1984); *Bowden v. Knowlton*, 734 S.W.2d 206, 208 (Tex. App.—Houston [1st Dist.] 1987, no writ). Although the ex-wife no longer has title to the property, she can use the lien as an encumbrance against the property to satisfy the debt. *Hankins v. Harris*, No. 01–15–00396–CV, 2016 WL 4032639, at *4 (Tex. App.—Houston [1st Dist.] July 26, 2016, pet. filed). If the

12

ex-husband fails to satisfy the debt after the lien matures, the ex-wife may foreclose on and force the sale of the property. *McGoodwin*, 671 S.W.2d at 883; *see In re Miller*, 58 B.R. 192, 197 (Bankr. S.D. Tex. 1985) ("When the equitable lien matured, [the ex-husband] had the right to foreclose if the lien was not paid.").

The record does not support Vickie's contention on appeal that the receivership order was proper because she holds an equitable vendor's lien on the House. Vickie moved to appoint a receiver because the House was allegedly at risk of foreclosure. She never argued below that she held a vendor's lien on the House. At the receivership hearings, Vickie presented no evidence that she held a vendor's lien or that the alleged lien had matured. Because Vickie presented no evidence that she holds a vendor's lien on the House, we hold that the trial court could not have based its receivership order on such a finding.

By appointing a receiver to sell the House "in his sole discretion . . . upon terms and conditions determined by him," the trial court improperly modified the division of property made in William and Vickie's decree of divorce. We hold that the trial court's order is unenforceable and sustain William's second issue.

## Conclusion

We vacate the trial court's order and remand for further proceedings consistent with this opinion.

Harvey Brown
Justice

Panel consists of Justices Jennings, Keyes, and Brown.