

## IN THE
## TENTH COURT OF APPEALS

### No. 10-18-00050-CV

**A-MEDICAL ADVANTAGE HEALTHCARE**
**SYSTEMS, ASSOCIATED, KEVIN WILLIAMS, M.D.,**
**ADVANTAGE MEDICAL CLINIC, INC.,**
**JOHN ZACHARIAS AND LINDA RILEY,**

                                                            **Appellants**

 **v.**

**JULIA SHWARTS, INDIVIDUALLY**
**AND AS EXECUTOR OF THE ESTATE**
**OF KALMAN SHWARTS, AND**
**KAL SHWARTS, M.D., P.A.,**

                                                            **Appellees**

———————————

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. D15-24567-CV**

## MEMORANDUM OPINION

Appellants A-Medical Advantage Healthcare Systems, Associated ("AHS"), Kevin

Williams, M.D. ("Williams"), Advantage Medical Clinic, Inc. ("AMC"), John Zacharias

("Zacharias"), and Linda Riley ("Riley") (collectively "Appellants") bring this

interlocutory appeal challenging the trial court's order appointing a receiver. We will affirm.

## *Background*

Appellees initiated this suit as ancillary to an existing probate proceeding—*In the Estate of Kalman J. Shwarts, Deceased*, Cause No. P18036—filed in the Navarro County Court. In their Third Amended Petition, Appellees outline the events preceding the filing of their lawsuit. In 2003, Kalman Shwarts, M.D. started an urgent care clinic in Waxahachie, Texas known as Enviva Health Services ("Enviva"). The clinic was operated by Kal Shwarts, M.D., P.A., a Texas professional association formed by Dr. Shwarts in 1977 ("the PA"). Dr. Shwarts died unexpectedly on August 3, 2012. A probate proceeding styled *In the Estate of Kalman Jay Shwarts, Deceased,* was filed under Cause No. P18036 in Navarro County, Texas on August 9, 2012. Dr. Shwarts's heirs are his wife, Julia Shwarts ("Mrs. Shwarts"); his son, Adam Shwarts; and his daughter, Anastasia Israel (collectively "the Heirs"). Mrs. Shwarts is the step-mother of Mr. Shwarts and Ms. Israel. She is also an executor of Dr. Shwarts's estate ("the Estate").

While Dr. Shwarts was alive, Riley, Zacharias, Pin Point Management, L.L.C. ("Pinpoint"),[1] and/or AHS provided management services to Enviva. From 2011 to the present, the sole member, director and officer of AHS has been Williams. Zacharias and Riley acted as agents of AHS both in communicating with the Estate and in managing the day-to-day operations of AHS. After Dr. Shwarts's death, AHS, Pinpoint, Riley and/or

---

[1] Pinpoint is named as a defendant in the original and amended petitions, but is not a party to this appeal.

Zacharias agreed to continue to provide management services to Enviva. From August 2012 until February 2014, AHS, Pinpoint, Riley and/or Zacharias caused Enviva to issue distribution payments to the Heirs and to Pin Point and took the position that they owned 50 percent of Enviva.

On March 11, 2014, AMC entered into a written agreement to purchase Enviva from the Estate. The officers of AMC are Zacharias and Riley. The closing of the sale was to take place on or before April 15, 2014. Because of the imminent closing, the Heirs agreed that Enviva could stop paying distributions to them. The sale of Enviva did not close in April 2014. Over the following months, Zacharias and Riley each communicated with the Estate about the status of the closing. As late as July 2014, Riley assured the Estate of AMC's intention to close. The closing never occurred, but the payment of distributions to the Heirs never resumed.

The Estate made multiple requests to Appellants to be provided Enviva's clinic's financial records, but no records were provided. On March 18, 2015, Mrs. Shwarts sent a letter to counsel for Appellants requesting to inspect Enviva's books and records. On March 25, 2015, Appellants responded, stating that they could not comply with Mrs. Shwarts's request because they had ceased management of the clinic. Appellants also claimed that Enviva had stopped operating in April 2014 and that Appellants were holding Enviva's equipment "in trust." None of the Appellants had notified the Heirs, the Estate or the PA that they planned to stop managing Enviva, or that their management had ceased.

On April 8, 2015, Mrs. Shwarts sent another letter requesting access to Enviva's records and equipment. Once again, Appellants failed to provide any information regarding Enviva's records or equipment. Mrs. Shwarts then discovered that Enviva's sign had been removed from its location and replaced with a sign reading "Advantage Medical Clinic," and that the phones were being answered as "Advantage" instead of "Enviva." Appellants subsequently moved the clinic to a new location without consulting with or notifying Appellees.

Appellees filed suit seeking damages for breach of fiduciary duty, theft of trade secrets, breach of contract and additionally seeking declaratory relief, disgorgement, an accounting, and the appointment of a receiver.

Pin Point filed counterclaims for breach of contract, promissory estoppel, and negligent misrepresentation. The trial court granted Appellees' motion for partial summary judgment as to these counterclaims. Appellees filed a motion for partial summary judgment based upon their claim for declaratory relief, requesting that the trial court find that AMC is actually Enviva and is an asset of the Estate. Appellees also filed a motion for partial summary judgment against the Appellants for breach of fiduciary duty. The trial court granted both of Appellees' motions for partial summary judgment. Appellees' motion for appointment of a receiver was also granted after an evidentiary hearing. As noted, Appellants' interlocutory appeal challenges the trial court's appointment of the receiver.

After the appeal was filed, Appellants filed three motions to stay proceedings and an emergency motion to modify supersedeas bond, all of which were denied by the Court.

*Issues*

Appellants present the following issues:

1.      The trial court did not provide a reasoning [sic] behind its ruling; however, that conclusion could not have been made without an affirmative finding that Appellees, had standing and capacity to assert claims and request extraordinary relief.  Did the trial court err by granting Appellees' Motion to Appoint a Receiver of the P.A. beyond the cessation of the three-year corporate survival period following the P.A.'s dissolution on November 7, 2012?

2.      Did the trial court err in appointing a receiver to operate and conduct the business operations of a professional association located in Ellis County?

3.      Did the trial court abuse its discretion in appointing a receiver to operate and conduct the business of the P.A., a legally non-existent entity, when Appellees failed to prove—and the court did not find—any of the statutory requirements for the appointment of a receiver under TEX. CIV. PRAC. & REM. CODE § 64.001(a)(6)?

*Discussion*

A.  Issues One and Two.  In their first issue, Appellants argue that the trial court erred in appointing a receiver for three reasons:  (1) Appellees' claims are barred by limitations because the P.A. was dissolved over three years prior to suit being filed and none of the claims Appellees have asserted constitute "existing claims" or derive from acts necessary for winding up the P.A.'s affairs; (2) the Texas Business Organizations Code prohibits Appellees from continuing the affairs of the P.A.; and (3) Appellees lack

standing. These issues were presented to the trial court in Appellants' plea to the jurisdiction and motion for summary judgment.

In their second issue, Appellants assert that the trial court had no jurisdiction to appoint a receiver because Enviva is now located in Ellis County while the trial court is in Navarro County. This issue was not previously presented to the trial court.

An appeal may be taken only from a final judgment, unless a statute specifically authorizes an interlocutory appeal. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* TEX. PRAC. & REM. CODE ANN. § 51.012. We strictly construe statutes authorizing interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). Section 51.014 of the Civil Practice and Remedies Code authorizes several specific instances in which an interlocutory appeal may be taken. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. "Colloquially, these instances are referred to as 'interlocutory appeals as of right,' because parties need not secure judicial permission before filing an interlocutory appeal." *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). An order appointing a receiver is included in the list of "interlocutory appeals as of right." § 51.014(a)(1). Not included are orders denying motions for summary judgment, except in certain delineated instances not present in this case, and pleas to the jurisdiction that do not involve governmental units. *See Borowski v. Ayers*, 432 S.W.3d 344, 347 (Tex. App.—Waco 2013, no pet.) ("An order denying a summary judgment motion is . . . generally not appealable because it is an interlocutory order and not a final judgment."); *Cantu Services, Inc. v. United Freedom Associates, Inc.*, 329

S.W.3d 58, 64 (Tex. App.—El Paso 2010, no pet.) (appellate court without jurisdiction to consider interlocutory appeal from denial of plea to jurisdiction from non-governmental party).

Section 51.014 of the Civil Practice and Remedies Code, however, provides that certain matters may be appealed on an interlocutory basis if certified by the trial court and accepted by the appellate court. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d), (f). Such appeals, referred to colloquially as "permissive interlocutory appeals," require that the trial court certify in a written order that:

> (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
>
> (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*Id*. at § 51.014(d); *see Sabre Travel*, 567 S.W.3d at 731. The record before us includes no written authorization from the trial court in this case for any type of interlocutory appeal.

As Appellants have not established that they are entitled to either an "interlocutory appeal as of right" or a "permissive interlocutory appeal" as to the denial of their motion for summary judgment and plea to the jurisdiction, we have no jurisdiction to consider Appellants' first and second issues.

Appellants' second issue is additionally barred because the record contains nothing to indicate that an objection to improper venue was made by written motion in the trial court. *See* TEX. R. CIV. PRO. 86(1) ("An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion. . . .").

B. Issue Three. In their third issue, Appellants assert that there is no legal or equitable basis for the appointment of a receiver. Appellants assert that the trial court erred because the Appellees are statutorily prohibited from acquiring an ownership interest in the clinic and because there is no threat of injury to Appellees.

As noted, a party may bring an interlocutory appeal from an order appointing a receiver. TEX. CIV. PRAC. & REM. CODE ANN. § 54.014(a)(1); *see Estate of Hoskins*, 501 S.W.3d 295, 301 (Tex. App.—Corpus Christi 2016, no pet.); *see also Krumnow v. Krumnow*, 174 S.W.3d 820, 826 (Tex. App.—Waco 2005, pet. denied). We review an order appointing a receiver for an abuse of discretion. *Benefield v. State*, 266 S.W. 3d 25, 31 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Krumnow*, 174 S.W.3d at 828. "A court may abuse its discretion by ruling arbitrarily, unreasonably or without reference to any guiding rules and principles, or without supporting evidence." *Krumnow*, 174 S.W.3d at 828. We examine the entire record when conducting an abuse of discretion review. *Id.* "When, as here, the trial court makes no separate findings of fact or conclusions of law, we draw every reasonable inference supported by the record in favor of the trial court's judgment." *Perry v. Perry*, 512 S.W.3d 523, 526 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

A trial court's order must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Perry*, 512 S.W.3d at 526. If there is some evidence of a substantive and probative character to support the trial court's order, the trial court did not abuse its discretion. *Estate of Price*, 528 S.W.3d 591, 593 (Tex. App.—Texarkana 2017, no pet.); *see also Estate of Hoskins*, 501 S.W.3d at 306 ("[T]he trial court generally does not abuse its discretion when its decision is based on conflicting evidence and some evidence

in the record reasonably supports the trial court's decision."). Because the appointment of a receiver is "a harsh, drastic, and extraordinary remedy, to be used cautiously," *Benefield*, 266 S.W.3d at 31, "receivership is warranted only if the evidence shows a threat of serious injury to the applicant." *Perry*, 512 S.W.3d at 527 (quoting *Benefield*, 266 S.W.3d at 31).

The Civil Practice and Remedies Code provides a number of instances in which a court of competent jurisdiction may appoint a receiver, including "in any other case in which a receiver may be appointed under the rules of equity." TEX. CIV. PRAC. & REM. CODE ANN. § 64.001(a)(6).

In its prior rulings on the various motions for summary judgment, the trial court held that Enviva is an asset of the Estate and that Zacharias, Riley and Pin Point breached their fiduciary duties to Appellees. The trial court noted that its decision regarding the appointment of a receiver was based upon the testimony and exhibits introduced at the evidentiary hearing on Appellees' motion for appointment of a receiver and the exhibits included with Appellees' motion for partial summary judgment.

The record before the trial court reflects that Appellants had sole control over the day-to-day management of Enviva after Dr. Shwarts's death. Appellants did not pay the agreed purchase price for Enviva on the closing date. Appellants did not resume payments from Enviva's profits to the Heirs after the closing date had passed without a finalization of the sale of Enviva. Appellants changed the name of Enviva to Advantage Medical Care without consulting with, or approval from, Appellees. Appellants moved the clinic without consulting with, or approval from, Appellees. Appellants rebuffed all

attempts by Appellees to obtain the financial records of Enviva, leading to the filing of the present suit.

Records from the Secretary of State reflect that notices of federal tax liens totaling hundreds of thousands of dollars have been filed against Riley and Zacharias and a number of the various health care entities that they have owned and/or operated. After Enviva became AMC, a state tax lien was filed against the company for unemployment taxes as well as a UCC-1.

From the foregoing, the trial court was justified in concluding that the appointment of a receiver was necessary to determine whether Appellants were properly managing the financial affairs of Enviva and that Appellees were threatened with serious injury if Appellants continued to collect Enviva's profits without any distribution to the Heirs or to the Estate.

The trial court did not abuse its discretion in appointing a receiver. Appellants' third issue is overruled.

### *Conclusion*

We are without jurisdiction to consider Appellants' first and second issues. We overrule Appellants' third issue and affirm the order of the trial court granting Appellees' motion to appoint a receiver.


REX D. DAVIS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
Affirmed
Opinion delivered and filed December 31, 2019
[CV06]

