# NO. 12-24-00185-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE MARRIAGE OF CHERY LYN PINKSTON AND JEFFREY SCOTT SMITH AND IN THE INTEREST OF* | *§* | *APPEAL FROM THE* |
| | *§* | *COUNTY COURT AT LAW* |
| *C. B. P., A CHILD* | *§* | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Chery Lyn Pinkston appeals the trial court's denial of her motion to vacate its order granting Appellee Jeffrey Scott Smith's motion for appointment of a receiver. In one issue, Pinkston argues that the trial court abused its discretion by entering an order appointing a receiver over a horse. We reverse, render, and remand.

### BACKGROUND

Pinkston filed her original petition for divorce based on an alleged common law marriage to Smith. Pinkston and Smith have one minor child, C.B.P.

On May 10, 2024, Smith filed an answer and a counter-petition, in which he alleged that he and Pinkston never were married. Minutes later, he filed a motion for appointment of a receiver, in which he stated as follows:

1. Respondent, Jeff S. Smith, is the owner of a horse named "Hes So Epic" that is located at, [sic] Texas. The appointment of a receiver to this business is necessary and equitable.

2. The horse was fraudulently transferred by Cherry [sic] Pinkston to Janiece Elaine Sloan.

3. Jeff S. Smith requests that the Court assess an appropriate bond for the receiver and waive bond for Movant. Jeff S. Smith requests that Chery Pinkston and Janice Elaine Sloan be

> restrained temporarily, immediately without hearing, and after notice and hearing be temporarily enjoined from taking or attempting to take possession of the Horse described in the counterpetition in this cause.

> Jeff S. Smith prays that the Court grant this Motion for Appointment of Receiver to the horse.

No evidence was attached to and incorporated within the motion.

Pinkston was served electronically with a copy of the motion upon its filing. The trial court entered an order granting Smith's motion approximately nineteen minutes later. On May 14, Pinkston filed a motion to vacate the order appointing a receiver, to which she attached a declaration and two bills of sale—one which indicated the sale of the horse to her and another, which indicated her sale of the horse to Sloan. Smith filed a response but offered no evidence in support thereof. Ultimately, without conducting a hearing on the matter, the trial court denied Pinkston's motion to vacate. This interlocutory appeal followed.[1]

**APPOINTMENT OF RECEIVER**

In her sole issue, Pinkston argues that the trial court abused its discretion by entering an order appointing a receiver over her property.

**Standard of Review**

"We review a trial court's interlocutory order appointing a receiver for an abuse of discretion." *Estate of Price*, 528 S.W.3d 591, 592–93 (Tex. App.–Texarkana 2017, no pet.); *Perry v. Perry*, 512 S.W.3d 523, 526, (Tex. App.–Houston [1st Dist.] Dec. 13, 2016, no pet.); *see Stoker v. Stoker*, No. 12–07–00334–CV, 2008 WL 2043037, at *1 (Tex. App.–Tyler May 14, 2008, no pet.) (mem. op.); *Krumnow v. Krumnow*, 174 S.W.3d 820, 828 (Tex. App.–Waco 2005, pet. denied). "The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. *Price*, 528 S.W.3d at 593. Rather, it is a question of whether the court acted without reference to any guiding rules and principles." *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)); *see Estate of Hoskins*, 501 S.W.3d 295, 305–06 (Tex. App.–Corpus Christi–Edinburg 2016, no pet.) (court may abuse its discretion by ruling arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence); *Stoker*, 2008 WL 2043037, at *1; *Krumnow*, 174

---

[1] *See* TEX. CIV. PRAC. & REM CODE ANN. § 51.014(a)(2) (West Supp. 2023)

2

S.W.3d at 828. "In other words, we must determine whether the act was arbitrary or unreasonable." *Price*, 528 S.W.3d at 593; *Stoker*, 2008 WL 2043037, at *1.

"The mere fact that a trial court may decide a matter within its discretionary authority in a manner different from that of an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Price*, 528 S.W.3d at 593. "When, as here, the trial court makes no separate findings of fact or conclusions of law, we draw every reasonable inference supported by the record in favor of the trial court's judgment." *Perry*, 512 S.W.3d at 526. "The trial court's order must be affirmed if it can be upheld on any legal theory that finds support in the evidence." *Id.* In essence, "[i]f there is some evidence of a substantive and probative character to support the judgment, the trial court did not abuse its discretion." *Price*, 528 S.W.3d at 593; *Stoker*, 2008 WL 2043037, at *1.

## Authority to Appoint a Receiver

Chapter 64 of the Civil Practice and Remedies Code sets forth the circumstances under which a trial court may appoint a receiver. *See Perry*, 512 S.W.3d at 527. Section 64.001(a)(3) provides that the court may appoint a receiver in an action between parties jointly interested in any property. *See Price*, 528 S.W.3d at 593; *Hawkins v. Twin Montana, Inc.*, 810 S.W.2d 441, 444 (Tex. App.–Fort Worth 1991, no writ); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 64.001(a)(3) (West 2008). Prior to the appointment of a receiver under Section 64.001(a)(3), the trial court must find that the party seeking appointment of the receiver has "a probable interest in or right to the property or fund, and the property or fund must be in danger of being lost, removed, or materially injured." TEX. CIV. PRAC. & REM. CODE ANN. § 64.001(b).

Even though a party seeking to have a receiver appointed pursuant to Sections 64.001(a) and (b) need not show that no other adequate remedy exists, we are mindful that the appointment of a receiver is a harsh, drastic, and extraordinary remedy, which must be used cautiously. *Price*, 528 S.W.3d at 593–94; *Estate of Trevino*, 195 S.W.3d 223, 231 (Tex. App.–San Antonio 2006, no pet.); *Perry*, 512 S.W.3d at 527. In determining whether the trial court erred in appointing a receiver, we focus on whether the pleadings and evidence are sufficient to justify a receivership. *Price*, 528 S.W.3d at 594; *Perry*, 2016 WL 7212578, at *3.

## Discussion

As part of her argument on appeal, Pinkston contends that Smith's motion failed to prove his entitlement to appointment of a receiver because his motion is based on conclusory

allegations.[2] Smith's motion sets forth that he is the owner of the horse that is the subject of the requested receivership. He further purports that the horse was the subject of a fraudulent transfer by Pinkston to a third party, Sloan. However, based on the record before us, Smith's motion is not verified[3] and supplies no evidence to support the factual assertions contained in it, nor does the record indicate that any proceedings were undertaken in which Smith presented evidence to the trial court to support the allegations in his motion or allowed the trial court to make a determination under the rules of equity.[4] *See Estate of Martinez*, No. 01-18-00217-CV, 2019 WL 1442100, at *4–5 (Tex. App.–Houston [1st Dist.] Apr. 2, 2019, no pet.) (mem. op.) (appointment of receiver pursuant to Section 64.001(a)(3) requires evidentiary support; factual assertions and arguments in pleadings and motions are not evidence). In his brief, Smith contends that an arrest warrant affidavit attached to his counterpetition satisfies his burden to show that he likely would suffer a material injury by the delay necessary to give notice.[5] But that assertion notwithstanding, the fact remains that he offered no evidence in conjunction with either his motion for appointment of receiver or his response to Pinkston's motion to vacate. Nor is there any indication in the record that the trial court conducted a hearing on either of these motions, at which evidence could have been offered or that other evidence exists which would have supported its granting of Smith's

---

[2] *See* TEX. R. APP. P. 38.1(f) (statement of issue will be treated as covering every subsidiary question that is fairly included).

[3] In her brief, Pinkston states that the motion is verified. The record on appeal does not support such an assertion.

[4] The trial court may appoint a receiver in any case in which a receiver may be appointed under the rules of equity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 64.001(a)(6) (West 2008). However, we are mindful of the maxim that equity follows the law, which requires equitable determinations to conform to contractual and statutory mandates, not the other way around. *See Fortis Benefits v. Cantu*, 234 S.W.3d 642, 648 (Tex. 2007). It is axiomatic that in its reliance on the rules of equity to appoint a receiver, a trial court still must rely on evidence rather than mere allegations in determining whether to apply this harsh, drastic, and extraordinary remedy. *Cf. id.*; *Estate of Price*, 528 S.W.3d 591, 592–93 (Tex. App.–Texarkana 2017, no pet.).

[5] Pinkston contends in her brief that Smith did not meet the standard of proof to support the trial court's appointment of a receiver ex parte. We do not agree with Smith that his petition or documents attached thereto satisfy any evidentiary standard. *See Estate of Martinez*, No. 01-18-00217-CV, 2019 WL 1442100, at *4 (Tex. App.–Houston [1st Dist.] Apr. 2, 2019, no pet.) (mem. op.) (factual assertions and arguments in pleadings and motions are not evidence); *Ceramic Tile Intern., Inc. v. Balusek*, 137 S.W.3d 722, 724–25 (Tex. App.–San Antonio 2004, no pet.) (documents attached to pleadings are not evidence unless introduced into evidence). Nonetheless, it is unnecessary for us to consider Pinkston's argument about lack of notice because when a defendant (or counter-defendant) appears and requests dissolution of an ex parte order imposing a receivership, she waives any error in the appointment of the receiver without notice. *See Covington Knox, Inc. v. State* 577 S.W.2d 323, 325 (Tex. Civ. App.–Houston [14th Dist.] 1979, no writ).

4

motion.[6]  Therefore, because the record indicates that the trial court appointed a receiver in this case where no evidence was offered in support of Smith's motion for such appointment, in response to Pinkston's motion to vacate the trial court's order appointing a receiver, or which previously was introduced before the court, we hold that the trial court abused its discretion in appointing a receiver and denying Pinkston's subsequent motion to vacate its order.  *See Estate of Martinez*, 2019 WL 1442100, at *4–5; *Estate of Hoskins*, 501 S.W.3d at 305–06.  Pinkston's sole issue is sustained in part.[7]

<u>DISPOSITION</u>

Having sustained Pinkston's sole issue in part, we *reverse* the trial court's May 23, 2024 order denying her motion to vacate its order appointing a receiver, *render* an order vacating the trial court's May 10, 2024 order appointing a receiver, and *remand* the cause for further proceedings consistent with the judgment of this court.

<u>GREG NEELEY</u>
Justice

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[6] In his counter-petition, Smith states that he and Pinkston never were married and there is no community property.  Pinkston asserts in her pleadings that they married, but Smith acknowledges in his response to her motion to vacate that her contention is that theirs was a common-law marriage.  However, similar to Smith's allegations in his pleadings, Pinkston's allegation of common-law marriage is not evidence, and because it is a statement of law made without supporting facts, it cannot be a judicial admission.  *See French v. Gill*, 252 S.W.3d 748, 755 (Tex. App.–Texarkana 2008, pet. denied) (statement that constitutes legal assertion or conclusion based on stated facts rather than statement of fact is not judicial admission).  Thus, the trial court could not, based on Pinkston's pleadings, rely on the existence of a common-law marriage, to apply the presumption that any property acquired during that marriage is community property.  *See id.*; *see also* TEX. FAM. CODE ANN. § 3.003 (West 2006).

[7] Pinkston makes other arguments in conjunction with her first issue.  We need not consider these remaining arguments given our disposition of this case.  *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-24-00185-CV**

**IN THE MATTER OF THE MARRIAGE OF CHERY LYN PINKSTON AND JEFFREY SCOTT SMITH AND IN THE INTEREST OF C. B. P., A CHILD,**

Appeal from the County Court at Law
of Van Zandt County, Texas (Tr.Ct.No. FM24-00171)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED, and DECREED by this court that the trial court's May 23, 2024 order denying Appellant Chery Lyn Pinkston's motion to vacate its order appointing a receiver be **reversed,** an order vacating the trial court's May 10, 2024 order appointing a receiver be **rendered**, and the cause **remanded** to the trial court **for further proceedings** consistent with the opinion and judgment of this court; and that all costs of this appeal are hereby adjudged against the Appellee Jeffrey Scott Smith in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*